Razor v. Razor.

⎱ 39  527
149s 621

## FREDERICK RAZOR
### v.
## GERTRUDE B. RAZOR.

*Husband and Wife--Written Contract—Parol Agreement—Evidence—Instructions.*

1.   Supposed errors in instructions should be pointed out specifically, and not referred to in general terms.

2.   A person may prove the existence of a separate oral agreement as to matters upon which a written contract is silent, and which is not inconsistent therewith, if it can be inferred that the parties did not intend the writing to be a complete and final statement of a given transaction, and this rule applies to parol agreements as to how a written contract is to be performed.

3.   In an action brought by a married woman upon a written contract executed by her husband, and certain parol provisions not contained therein, the substance being an agreement upon the part of the husband, in consideration of the wife signing a deed of conveyance of their home, to invest in her name the proceeds of the sale thereof in another house in a different place, this court holds that the plaintiff's existing interest in the property being sold by her, formed the consideration for the undertaking upon the part of the defendant to furnish the other house; that it was a good and sufficient consideration to support the agreement; and declines to interfere with the judgment for the plaintiff.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Messrs. JOHN E. POLLOCK, JOHN STAPLETON and A. J. BARR, for appellant.

Mr. FRANK R. HENDERSON, for appellee.

CONGER, P. J.   This was an action of assumpsit and attachment brought by appellee against appellant, her husband, based upon a written contract and certain other parol provisions not contained in the writing.

The writing was as follows:

"LE ROY, ILLINOIS, January 18, 1890.

" I, Fred. Razor, of Le Roy, Ill., do agree to and with my wife, Gertrude Razor, that in consideration of her signing a deed of conveyance to our home place (being lot 2 of lot 7 of the subdivision of the southwest quarter of the southeast quarter of Sec. 21, T. 22 N., R. 4 E., in Le Roy, McLean Co., Ill.), this day executed, I do hereby agree to invest the proceeds of said sale in a house in Bloomington, Ill., and have the same deeded to said Gertrude B. Razor, to be owned by her.

his<br>FRED. x RAZOR."<br>mark

" Witness: A. RUTLEDGE.

The general issue was pleaded, and there was an agreement hat anything might be proved thereunder that might be shown under any proper, special plea.

The trial resulted in a verdict and judgment for $2,000 in favor of appellee.

The first point made by appellant is that " the court permitted appellee to prove an additional agreement to the one sued on, that was claimed to have been in parol." This objection is based upon the following evidence given on the trial by appellee:

Q.   What was the agreement as between you and your husband as to who should select the property, that this agreement provides should be purchased for you, if any agreement of that kind was made?

Objected to.

Razor v. Razor.

The Court: " The agreement is silent upon the question, in view of the fact I will permit the witness to testify."

To which ruling of the court defendant then and there excepted.

A.  " He told me I should select the house."

Q.  "As between you and him, what is the agreement as to whether or not the proceeds should be cash ? "

Objected to; objection overruled; and defendant then and there excepted.

A.  "It was to be cash.   After the deed and agreement were signed I came to Bloomington after we packed up the goods; came the 21st of January."

We think there was no error in the ruling of the court upon this point.

The written agreement has no provision bearing upon or referring to these questions.   They are both matters about which a parol agreement might be entered into by the parties, which would in no way be inconsistent with the terms and provisions of the writing.

In 2 Wharton on Ev., Sec. 1026, it is said : " A party is at liberty to prove the existence of any separate, oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transactions between them."   This rule also applies to parol agreements as to how a written contract is to be performed.

It is next urged that the agreement sued upon was obtained by fraud and circumvention.

The jury found against appellant upon this issue, and we see nothing in the evidence which would justify a reversal upon that ground.

It is contended the court erred in refusing to permit appellant to offer evidence tending to show that appellee had been guilty of adultery since her marriage to appellant.

Appellant insists upon his right to do this, because prior to his marriage with appellee he had executed to her a deed for

the Le Roy property mentioned in the written agreement, and which deed contained the following clause: "It is agreed by and between the grantor and grantee that the said Gertrude Gibbs shall marry and shall live as the lawful wife of said Frederick Razor, and when she ceases to live as his wife the property herein described shall revert to the grantor, or to the heirs of his body."

It is not necessary to determine the proper construction of this condition.

Appellee's existing interest in the property, whatever it was, was sold by her, and formed the consideration for the undertaking upon the part of appellant to furnish another house in Bloomington, and it was a good and sufficient consideration to support the agreement.

Counsel for appellant in their brief, say:

"The court refused a large number of instructions offered by defendant (appellant) and gave instructions for the plaintiff (appellee), to both of which we desire especially to call the attention of the court. A large number, or at least some, of the defendant's refused instructions should have been given, and probably several of the plaintiff's instructions should not have been given."

These supposed errors in the instructions have not been pointed out with any more particularity than in the above extract from appellant's brief, and we have neither the time nor inclination to search for them.

A majority of this court think substantial justice has been done, and the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*