## Gustav A. Koeffler v. James A. Davidson.

1. CONTRACTS—*By Offer and Acceptance.*—An offer from one party to another is open for acceptance for a reasonable time only, and unless so accepted the parties are not bound by it.

Assumpsit.—Breach of contract. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

SIDNEY C. EASTMAN, attorney for appellant.

JESSE HOLDOM, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The facts shown by the record are as follows:

The plaintiff declared for damages for breach of agreement for a lease and also with a count for rent due on demise.

The defendant was in possession, under a former lease, expiring April 30, 1894, of a loft on Randolph street. Early in March, 1894, the plaintiff's agent and defendant had a conversation concerning leasing for ensuing year,

commencing May 1st. On March 17th, defendant wrote to plaintiff's agent in Milwaukee as follows:

"Chicago, 3—17, 1894.

C. A. Koeffler.

Dear Sir: What arrangements have you made with our lease? Also what did you do about painting, etc.? Kindly let us know as soon as possible, and oblige,

Yours resp.,

James A. Davidson,

C. A. Davidson. "

The letter in reply was as follows:

"Milwaukee, Mar. 22, 1894.

James A. Davidson, Esq., 231 E. Randolph St., Chicago, Ill.

Dear Sir: Your favor of the 17th inst., with enclosure of $50 check has been received. I send you herein receipt therefor. Since I have seen you last I have made inquiries about the rental value of the premises which you occupy, and I must say, that I was very much disappointed in the fact that I had been renting you the place for a price so far below the actual value. While I do not intend raising you much, having been so good a tenant, I feel it my duty toward the owner of the premises, in order to preserve his interests, to raise you at any rate about $10 per month. I think that that would certainly be reasonable, and would be far below what I am advised by several real estate firms the premises are worth. I expect, of course, in that case, to fix up the front by painting, etc., as we spoke of when I was in your city. Please advise me at once of your acceptance, and oblige,

Yours very respectfully,

C. A. Koeffler, Jr."

The second letter of Davidson was as follows:

"Chicago, 3—28, 1894.

Mr. C. A. Koeffler,

Dear Sir: Replying to your letter of the 22d inst., and to be mild with you, I am very much surprised at its contents.

It looks as if you had been asking the advice of the same

real estate man you had before I moved into your loft. It was vacant for years before I took it, you will remember. You also forget that this is a very hard year for me, as my business has fallen off, as every one's has, and in consequence can hardly afford to pay any additional rent. In regard to fixing front door and painting the front premises, you promised to do that months ago, and I don't think it is hardly proper for you to ring in that as an excuse for charging more rent.

I can not pay any more than I am now paying for the convenience I receive. You must not forget that the locality is the worst on Randolph street, from a respectable standpoint. This much I will do, and that is, all repairing and cleaning on the inside of the loft I now occupy. I do not want to move, unless you compel me by asking too much rent. Give me a lease for this year at the same price as last, and then raise your price, if you still think you are renting it too cheap, next year, as I hope I will then be better able to stand an increase of my expenses.

Please answer at your earliest convenience, as there are a great many empty lofts in this neighborhood, and can be had before May 1, '94.

Yours resp.,

JAMES A. DAVIDSON."

The letter by Koeffler in answer, was as follows:

" MILWAUKEE, Apl. 3, 1894.

James A. Davidson, Esq., 231 E. Randolph St., Chicago, Ill.

DEAR SIR: Your favor of the 28th ult., in reply to mine of the 22d ult., has been received. You are mistaken if you think that I have seen the same real estate man who acted for me prior to the time you went in. I have consulted two others, who rank among the first in your city, and I was highly surprised to see that I was charging you so much less than the loft was worth, so that I felt almost ashamed of my cousin. I know now that you are paying less than you ought to, and I think that the raise which I propose to make is but trifling compared with the actual value of the premises. I know that being a non-resident,

it is much more difficult for me to obtain rents to which we would otherwise be entitled, because it is impossible for me to be so well posted upon rents in your city as I am at home. However this may be, I do not, of course, wish to break up matters with you, but I may frankly state, that I feel that you ought to pay what I ask. If you should conclude to refuse this absolutely, I do not know just what I will have to do about it. I have raised other tenants in the same block, and have had no trouble whatever about it. Please let me hear from you at once, and oblige,

Yours very respectfully,<br>C. A. Koeffler, Jr."

To the last foregoing letter, Davidson replied as follows:

"Chicago, 4—12, 1894.

Mr. Koeffler.

Dear Sir : Make a lease for a year, and put in it what repairs you are going to do, for $60 per month.

As I have written before, I do not want to move if I could only get some benefit from the additional rent.

Resp., .<br>Jas. A. Davidson,<br>C."

The answer to that letter of April 12th was not made until on April 19th, and was as follows:

"Milwaukee, April 19, 1894.

James A. Davidson, Esq., 231 E. Randolph St., Chicago, Ill.

Dear Sir : Enclosed please find leases properly signed, with agreement inserted as to the repairs which I will make, as requested. I do not think that we will ever have trouble about the necessary repairs. I expect soon to be in Chicago to make some arrangements about overhauling some parts of the building. Please return me one of the leases duly signed, and oblige,

C. A. Koeffler, Jr."

The plaintiff then introduced the copies of the lease referred to in the letter, which were in the same form as the old lease, and called for $720 rental, payable in monthly in-

stallments of $60 each, and ran from May 1, 1894, to April 30, 1895, and contained the following clause:

" The party of the first part agrees to paint stairs, hall and front, and door leading thereto," and signed by Gustav A. Koeffler, by C. A. Koeffler, Jr., agent.

Whether this letter of April 19th, transmitting the new leases, was received and read by Davidson before he wrote the following letter of April 24th, is a matter of dispute. The agent, C. A. Koeffler, testified that in the course of his business, all letters written by him, were mailed on the day they were written. On the other hand, Davidson testified that he did not receive the leases until after he had written the letter that follows, although he admits they might have been delivered at his office before. Whether received before or not, Davidson, on April 24th, wrote as follows:

" CHICAGO, 4—24, 1894.
Mr. Koeffler.

DEAR SIR: I thought best to inform you that I could not wait any longer for you to make up your mind regarding your lease, and that I concluded to move across the street. If I can be of service to you in placing rent card and getting a tenant for you I am willing to do so.

Resp. yours,

JAS. A. DAVIDSON,

Per PHILLIPS."

The subsequent correspondence was as follows:

" MILWAUKEE, Ap'l 24, 1894.
James A. Davidson, Esq., 231 Randolph St., Chicago, Ill.

DEAR SIR: Your favor of the 24th inst. has been received with no little surprise.

On the 5th of April " (should be the 3d) " I wrote you about my views on the subject of a lease and about the raise which I made on you, and your answer to that letter requested me to make out the lease for you for $60 per month, for one year, and requested the insertion of the repairs that I would agree to make. I sent you the lease in duplicate duly signed by me on the 19th inst., with the proper insertions as to repairing clause, just as I had orig-

inally promised to do them for you, and there is no question in the world, but that is a good lease for a year from the first of May next. It is difficult for me to see how I am going to release you from the lease and get the premises on my hands within a few days from the first of May, and I must most emphatically refuse to take the premises.

The only thing I could do in any event, would be to aid you in getting a tenant and to allow you to rent it to some one else, but I do not see how I can release you from the lease. I again request you to return one of the leases signed by you as made out, and I will carry out my agreement to the dot in making the repairs.

Yours respectfully,<br>C. A. Koeffler, Jr."

"Chicago, 4—25, 1894.

Mr. Koeffler.

Dear Sir: Enclosed find check for April rent. As I have already informed you, your loft will be vacated by me on May 1, 1894. You can then have it to do with it as you please. If you will examine my last letter you will find that I did not agree to take your premises, but that I wanted to see your lease and what you agreed to do. Your peculiar way of attending to this important matter and your other improvements and repairs compelled me to look elsewhere for quarters. In regard to your renting this loft, you have as much time and show as a great number of landlords in your neighborhood have if you will only do something to make it desirable. Your way of renting will not make nor keep a good tenant. I will leave the keys with Mr. Subert.

Respt. yours,<br>Jas. A. Davidson,<br>Per Phillips."

"Milwaukee, April 28, 1894.

James A. Davidson, Esq., 231 Randolph St., Chicago, Ill.

Dear Sir: I have nothing whatever to say in answer to your last letter regarding the leases, except that I claim that you have made a binding lease, and that I will hold

you for the rent of the loft until I shall succeed in renting it to some one else, and if so, if there is any difference in rent, or loss, that I will hold you responsible for the same. You have deliberately made a contract with me, and after I carried out my part by sending you the lease, you have deliberately broken it, and I do not propose to lose one single cent by your actions. I will not accept the keys in any event.

The only thing which I would do to avoid any further trouble, would be to allow you to sub-let to some person who is acceptable to me, and thus save you any loss which I do not desire to put you to, unless it is absolutely necessary.

Your actions in this matter are simply surprising for a business man of your standing. That is all I have to say about it.

Yours, very respectfully,

C. A. KOEFFLER."

The claim of the appellant is, that such correspondence constituted a complete and binding demise of the premises.

The jury gave a verdict for the defendant, Davidson, upon which judgment was entered, and this appeal has followed.

Without questioning the law relied upon by the appellant, we do not see how the judgment can be disturbed.

The case went to the jury upon instructions, of which the following was one given for the defendant (appellee).

" The court instructs the jury as a matter of law, that an offer from one party to another is open for acceptance for a reasonable time only, and even if the jury believe from the evidence that the defendant made an offer to lease the premises from the plaintiff, which offer the plaintiff accepted, still if the jury further believe from the evidence that the plaintiff did not accept such offer within a reasonable time, they will find for the defendant."

That instruction correctly stated the law, and it was a question solely for the jury to decide, whether an acceptance on April 19th, when Koeffler wrote, transmitting the

leases, of an offer made on April 12th, was within a reasonable time or not, considering the proximity of Chicago and Milwaukee, the length of time required for the mails to pass from one city to the other, and the further circumstance, that but a few days remained before the lease under which the defendant was holding would expire, together with all the other evidence in the case.

Appellant criticizes that instruction, for the only reason, because, as he says, it postulates that the defendant made the offer which the plaintiff accepted, whereas the proof shows that the offer was made by the plaintiff and accepted by the defendant.

We do not regard the criticism as well made.

There appears to be no error in the record, and the judgment will accordingly be affirmed.