### Bay State Milling Company v. Henry A. Barth.

#### Gen. No. 4,800.

1. CONTRACT—*what essential to make.* An offer to buy or sell must be assented to by both parties before a complete contract is made.

2. CONTRACT—*what sufficient acceptance of proposition.* A proposition is legally accepted if a letter of acceptance is mailed; receipt of the acceptance is not essential.

3. ASSIGNMENTS OF ERROR—*when deemed waived.* Assignments of error not argued are deemed waived, and it is not enough for counsel to say in their brief that the court erred in giving or refusing specific instructions, but counsel should show in what respect the particular ruling was erroneous.

Assumpsit. Appeal from the County Court of Peoria county; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this

court at the April term, 1907.  Affirmed.  Opinion filed August 6, 1907.

JAMES H. SEDGWICK and A. V. D. ROUSSEAU, for appellant.

JOSEPH A. WEIL and IRWIN L. FULLER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellant is a corporation organized under the laws of Minnesota, engaged in the manufacture and sale of flour, and has in its employ a salesman named E. F. McKenzie. Appellee is a baker engaged in business in Peoria. On August 8, 1905, appellee in his place of business signed and delivered to appellant's salesman the following order:

"BAY STATE MILLING Co.,

WINONA, MINN.
Date August 8, 1905.

Ship to H. A. Barth.
P. O. Address, Peoria, Ill.
R. R. Address, via C. & N. W. R. R.
When ordered.
Terms:    Arrival, draft through Illinois National Bank.
200 Barrels Wingold Cot. at 5.50; 20c off above price for Wingold Special Bakers.
10c additional off if in bulk. 18,996.

In consideration of the above price the buyer agrees to order the flour shipped from the mill 60 days from date thereof.

This contract is not subject to cancellation except by mutual agreement.
Remarks.

HENRY A. BARTH,
Purchaser.
E. F. McKenzie, Salesman."

Immediately after signing the order appellee told McKenzie he could not pay cash but wanted thirty

Bay State Milling Co. v. Barth.

days' time, and McKenzie said he would ask the mill whether he could do that or not. Thereupon appellee told McKenzie that if he could not have thirty days' time he did not want the flour, and McKenzie replied he would see about it and let appellee know, and if he did not get thirty days' time he did not have to take the flour. Counsel for appellant say in their statement of the facts, "August 11, 1905, the contract was accepted by the plaintiff by letter mailed to defendant." A copy of a letter from appellant to appellee dated at Winona, Minnesota, August 11, 1905, was offered in evidence by appellant, acknowledging the receipt of the order, and states that the order "will have our prompt and careful attention on receipt of your shipping directions." The receipt of this letter was denied by appellee.

There were no further negotiations between the parties until the latter part of October when McKenzie wrote to appellee for shipping instructions and appellee replied, "I did not order a car of flour from you. At that time you said I could not have the flour unless I would pay cash or would write to the mill to make other arrangements."

Appellant claims that in pursuance of the order it bought wheat, milled it, and stored the flour for appellee. Appellee refused to accept it and appellant sold the flour in January, 1906, to other parties at $4.15 per barrel, the market price at that date, and brought this suit to recover the difference between $5.50 per barrel and the price it realized, with storage and expenses. The case was tried by the County Court without a jury and judgment rendered in favor of appellee. Appellant insists that the order signed August 8th was a contract of sale. If it was a contract accepted by appellant before it was withdrawn then the judgment cannot be sustained. If the contract was simply an offer to buy, then appellee had the right to withdraw it or make any change in it prior to its

acceptance by the appellant. If after signing the order appellee made any change in the order before appellant accepted it, then the order could only be accepted as changed. Until the order was accepted, it was revocable or subject to any change appellee saw fit to make. An offer to buy or sell must be assented to by the other party as the offer is when assented to and until it is assented to and that assent communicated there is no contract. Story on Sales, sec. 125; 1 Benj. on Sales, 54-56; Bishop on Contracts, sec. 325; 24 Am. & Eng. Ency. of Law, 1030 (2nd Ed.); McKinley v. Watkins, 13 Ill. 140; Anglo-Am. Prov. Co. v. Prentiss, 157 Ill. 506. The fact that appellee did not receive the letter of August 11th, is not material, as the mailing of the acceptance was all that was necessary to close the contract. Appellee and another witness testify to the conversation that occurred after the order was signed, that appellee would not take the flour unless he got thirty days' time. McKenzie denies that the conversation took place as detailed by appellee, but admits there was talk about thirty days' time, and that appellee was to write and see if the milling company would give that time. What appellant terms a contract is simply an order to the milling company to ship the flour. From the statement made by appellant in its printed argument it would appear the appellant had the right to accept or reject the order after it reached the head office. If appellant accepted the order August 11th, the time counsel say the order was accepted, then there was no contract before that time as the minds of the parties had not met. Appellee had the right to make any change in the offer up to the time it was accepted. The preponderance of the evidence is that immediately after signing the order, appellee informed the agent of appellant that he would not take the flour unless he could have thirty days' time, and that he was not notified that he could have the flour on that time. Appellee says that as the agent

did not come back to see him he supposed the company was not willing to sell him the flour on the terms fixed by him. He had the right to impose any time, before the contract was closed by its acceptance. From the fact that the appellant claims that it accepted the offer by letter from Winona, August 11th, it would seem that the salesman had not the right to and did not accept the offer of appellee, but only received the order subject to the approval of his principal. It is not claimed anywhere that McKenzie had any right to or did close a contract with appellee. The finding and judgment of the County Court was justified by the evidence.

Appellant submitted propositions of law, some of which were refused, and error has been assigned on their refusal. Appellant has not pointed out in what way the propositions refused were pertinent to the case. Such a mode of presenting propositions for review must be regarded as an abandonment of any error. It is not enough for counsel to say in their brief that the court erred in giving or refusing specific instructions, but they should show in what respect the particular ruling was erroneous. Wickes v. Walden, 228 Ill. 56; Razor v. Razor, 142 Ill. 375; 39 Ill. App. 527. There being no error in the matters presented to this court, the judgment is affirmed.

*Affirmed.*