## George P. Bent, Plaintiff in Error, v. George W. Jones, Defendant in Error.

### Gen. No. 16,589.

1. SALES—*acceptance of contract.* Where a contract of sale recites that the same shall not be binding on the vendor until it is accepted and approved by him, it is not binding on either party in the absence of proof of such acceptance and approval.

2. REPLEVIN—*when it will not lie to recover piano sold on instalment.* Replevin will not lie to recover a piano sold on the instalment plan on failure to meet the instalments where there is no proof of a demand and refusal and a refunding of money paid by the vendee.

Error to the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed August 12, 1912.

BAKER & HOLDER, for plaintiff in error; G. RAYMOND COLLINS, of counsel.

THOMAS A. LEACH, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

In a suit in replevin, instituted by plaintiff in error against defendant in error before a justice of the peace to recover the possession of a piano and a piano stool, there was a verdict and judgment against plaintiff in error, from which judgment he prosecuted his appeal to the Circuit Court, where a trial by jury resulted in a like verdict and judgment against him, to reverse which judgment this writ of error is prosecuted.

On January 18, 1904, defendant in error executed a written instrument wherein he promised to pay to plaintiff in error $195 in instalments, together with interest, and wherein the consideration for the payment of said amount was expressed to be an agreement by plaintiff in error to sell and deliver to defend-

ant in error one certain piano. The instrument further provided that the piano was and should remain the property of plaintiff in error until payment therefor should be fully made, and further that in case defendant in error should make default in payment he should on demand deliver said piano to plaintiff in error, or plaintiff in error should have the right without notice or demand to take immediate possession of the same, in which latter case all moneys paid on the purchase price should belong to plaintiff in error as liquidated damages. The instrument further provided that it should not be binding on plaintiff in error until accepted and approved by him. As a part of the same transaction, plaintiff in error executed a writing, wherein he guaranteed the piano "sold" to defendant in error for the term of five years, and wherein it was provided that in case defendant in error should purchase another piano the money paid on the first piano should be applied upon the purchase price of such other piano, and the title to the first piano should "revert" to plaintiff in error. At the time the suit in replevin was instituted, defendant in error had paid $165 upon the purchase price of the piano.

In the absence of any proof (and no such proof was made), that the first above mentioned written instrument was accepted and approved by plaintiff in error, it did not by its terms become binding upon him, and it was, therefore, lacking in mutuality. The instrument of guarantee, executed by plaintiff in error, refers to the piano as having been sold to defendant in error and recognizes the title to the piano as being in defendant in error.

Upon the evidence adduced at the trial the transaction actually consummated amounted merely to a sale of the piano and payment of the purchase price in instalments. There was no proof by plaintiff in error of a demand upon defendant in error for the piano and a refusal by defendant in error, prior to bringing the

suit, or of any facts constituting a waiver of such demand and refusal.

In this case, an action in replevin by the vendor will not lie without proof of a demand and refusal and a refunding of the money paid by the vendee. Hamilton v. Singer Mfg. Co., 54 Ill. 370.

The judgment is affirmed.

*Judgment affirmed.*