## Victor Larson, Defendant in Error, v. J. E. Sexsmith, Plaintiff in Error.

## Gen. No. 16,776.

1. APPEALS AND ERRORS—*when refusal to admit parol evidence as to written contract will not reverse.*  The owner of a building, contending that decorating was not done in accordance with an understanding at the time the written contract was entered into, cannot complain of the refusal to admit parol evidence as to the consideration for the making of the contract and the meaning of the word "decorating," where all the facts and circumstances connected with the making of the contract were brought out in cross-examining the decorator's witnesses and the owner testified fully regarding the nature and character of the work and that during its progress he made objections.

2. CONTRACTS—*when question of proper performance is for the jury.*  Where the evidence is conflicting whether objections to defective work by a painter and decorator were remedied after the objections were made, and whether the contractor told a witness to use a medium grade of material, such questions are for the jury.

Larson v. Sexsmith, 172 Ill. App. 525.

Error to the Municipal Court of Chicago; the Hon. HENRY C.
BEITLER, Judge, presiding. Heard in the Branch Appellate Court at
the October term, 1910. Affirmed. Opinion filed October 3, 1912.

ADAMS, BOBB & ADAMS, for plaintiff in error.

JOHNSON & MOLTHROP, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the
court.

This writ of error is brought to reverse a judgment
entered in the Municipal Court against plaintiff in
error for $117.25.

In September, 1909, the parties hereto entered into
a written contract, by the terms of which Larson agreed
"to furnish all material and labor for the painting and
decorating of a six-flat building for Miss Doyle, being
erected on Winthrop avenue, north of Leland avenue,
for the sum of $500, payable 85 per cent. as work pro-
gresses, balance thirty days after completion of job."
Sexsmith, a contractor, was erecting a building for the
Miss Doyle mentioned in the agreement. Under this
contract, Larson and his workmen filled, shellaced and
varnished all the oak woodwork and floors; stained,
shellaced and varnished the doors; "hard oiled" and
tinted the ceilings and walls; painted the dados in the
kitchen; enameled the woodwork of the bathroom, and
painted the wood and metalwork of the exterior of the
building. During the progress of the work, the con-
tractor ordered "linowall" to be placed in the dining
rooms and around the stairways, which was done at a
net additional cost of $42.25. Four hundred and
twenty-five dollars was paid on the contract as the
work progressed, leaving the balance, including the
price of the extra work, $117.25, for which judgment
was rendered. Counsel for plaintiff in error state in
their brief that on the trial below, they sought to show
as a defense "that the contract was not performed
according to the agreement and understanding between

the parties at the time the written contract was entered into; the sole question on this appeal being the refusal of the trial court to admit evidence as to how the contract was to be performed by the defendant in error; in other words, to admit evidence as to the consideration for the making of said contract, the contract being silent as to what kind of material was to be used and the manner in which the house was to be decorated, and what was meant by the word decorating.''

While it is unquestionably true that a party may prove the existence of a separate oral agreement as to matters on which a written contract is silent, and which is not inconsistent therewith, if it can be inferred that the parties did not intend the writing to be a complete and final statement of a given transaction, and that this rule applies to parol agreements as to how a written contract is to be performed (Razor v. Razor, 39 Ill. App. 527; Ball v. Benjamin, 73 Ill. 39), yet, after an examination of the record in this case, we do not think the plaintiff in error has any just ground of complaint as to the rulings of the trial court in this respect. On cross-examination of the witnesses for defendant in error, counsel for plaintiff in error brought out all the facts and circumstances connected with the making of the contract, and the plaintiff in error testified fully regarding the nature and character of the work which was done by defendant in error. Plaintiff in error testified that during the progress of the work, he objected to the results obtained in several minor details of the work. The evidence as to whether the defects thus pointed out in these minor details of the work were remedied by the defendant in error is conflicting, but we cannot say that the verdict was manifestly against the weight of the evidence. One of the witnesses for defendant in error testified that the contractor told him to use a medium grade of material; that if it made as good a showing as on a certain other flat building, which was mentioned, he, the contractor,

528    APPELLATE COURTS OF ILLINOIS.

Sheehan v. Union Stock Yard and Transit Co., 172 Ill. App. 528.

would be satisfied; and that the contractor several
times expressed his approval and satisfaction. This
was denied by the contractor, but it was a question of
fact for the jury, and we think the facts and circum-
stances corroborate the evidence of the witness for the
defendant in error. There was no controversy in the
court below regarding the extras, and as the remainder
of the work was merely painting and calcimining, and
as it was shown by evidence in the trial court that such
work was done in a workmanlike manner, we think
substantial justice has been done.

The judgment of the Municipal Court will there-
fore be affirmed.

*Affirmed.*