DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1922.

---

## Sears, Roebuck & Company, Defendant in Error, v. R. B. Higbee, Plaintiff in Error.

### Gen. No. 26,756.

1. SALES—*when written order for books a contract of sale on credit.* A written order for the purchase of books containing the statement that the books are to be the property of the purchaser when paid for in full must be regarded simply as a contract for the sale of the books on credit.

2. REPLEVIN—*seller of books on credit not entitled to possession on breach.* A judgment in a replevin suit finding the right of possession to certain books sold to be in the plaintiff seller is erroneous as authorizing a forfeiture, when the contract of sale provides for the sale of the books on credit, but there is no provision that the seller shall keep the money paid for such books in case of default, and the evidence shows that over one-fourth of the purchase price has been paid by the defendant buyer.

3. FORFEITURES—*not favored.* Forfeitures are not favored in the law and are permitted only in cases where the right thereto appears in unmistakable terms.

4. SALES—*right to rescind conditional contract.* While contracts for conditional sales of personal property, where the title and right to possession of the property are reserved to the seller in the event that the buyer fails to comply with the contract, are enforced by the courts, such rights must be agreed to by the buyer in clear and unmistakable terms.

5. SALES—*construction against forfeiture.* In case of ambiguity in a contract of sale, where the seller claims the title and right to possession because of failure of the buyer to comply with the contract, and when it appears that the contract of sale is susceptible

of two constructions, that construction will be adopted which will make performance possible, and which will avoid a forfeiture.

Error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the March term, 1921. Reversed. Opinion filed May 1, 1922. Rehearing denied and opinion modified May 19, 1922.

IROSE & SCHERWAT, for plaintiff in error.

C. C. TAYLOR, for defendant in error; ADLER & LEDERER, of counsel.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

Plaintiff brought an action in replevin against defendant, R. B. Higbee, to recover possession of a set of Encyclopedia Britannica which it had delivered to him in accordance with an agreement which provided that Higbee was to pay therefor the sum of $82 at the rate of $3 a month.

May 27, 1920, plaintiff recovered a judgment against defendant for $60 and costs of suit for a balance due it under the agreement. The judgment was vacated on July 16, 1920, on motion of plaintiff. August 17, 1920, the present action was begun.

The agreement was prepared by plaintiff and was signed by defendant alone. It is in form a written order for the purchase of the books; it contains, however, the following sentence: "When I have paid in full the Encyclopedia becomes my property," and in the last paragraph of the instrument the defendant stated:

"I have always been faithful in paying my obligations and am making this statement for the purpose of inducing you to grant me this credit and to assure you that you may feel safe in trusting me to pay as agreed."

The sentence first-above quoted is the only expression in the instrument from which one might conclude

that the transaction involved anything other than an ordinary sale of the books in question, and we are inclined to the view that it must be regarded simply as a contract for the sale of the books on credit. The defendant paid $22 on the books as provided by the instrument. He did not therein agree that in case of default the money paid by him should be kept by the vendor. No such express or implied agreement is discoverable in the alleged contract. The judgment of the lower court found the right of possession to the property in the plaintiff and it rendered a judgment against the defendant for one cent and costs. There is nothing in the alleged contract which would authorize this judgment. In substance the effect of the judgment is to declare a forfeiture of the contract. Forfeitures are not favored in the law and are permitted only in cases where the right thereto appears in unmistakable terms.

Plaintiff seeks to rescind the contract on the theory that it provided for a conditional sale of the property with reservation of a right of rescission if payments were not made as provided therein.

The case of *Wahrer v. O'Connor,* 204 Ill. App. 331, is not in point for the reason that the contract discussed in that case provided:

"That the title, ownership and right to possession to the property in question should remain in the plaintiffs until the sum due under the contract should be fully paid; and further, that the defendant would return the property to plaintiffs on demand in the event that he failed to pay therefor as provided."

And so, also, in the case of *Herbert v. Rhodes-Burford Furniture Co.,* 106 Ill. App. 583. The written contract therein provided that the title to the goods and chattels mentioned in the contract was to remain in the vendor until the same were fully paid for.

In the case of *Murch v. Wright,* 46 Ill. 487, cited by plaintiff, the contract which formed the basis of the suit provided that a piano was to become L's property

in the event of his paying $700 within 13 months; and in construing this contract the Supreme Court held that it constituted a conditional sale with a reservation of a right to rescission in the vendor in case the vendee should fail to make payment as provided by the contract. The instrument sued on in that case provided among other things as follows:

"Murch has this day rented to Lindsay one piano * * * said renting may be terminated at any time by Murch * * * said Lindsay is to take good care of said instrument * * * and return the same to Murch on failure to comply with terms * * * said Murch to control said instrument, all property remaining in him until said purchase money is paid."

There is no express language in the instrument now before us which reserves any right or title in the property to the vendor, and if such right does grow out of the instrument it must be implied from the language used therein. We do not think that such implication arises from the language employed in the contract. The courts have effectively enforced contracts for conditional sales of personal property where the title and right to possession of the property are reserved to the vendor in the event that a vendee has failed to comply with the terms of the contract, but only in cases where the rights are agreed to by the vendee in clear and unmistakable terms. To say the least, the language employed in the instrument before us is ambiguous; but it clearly does not authorize the judgment entered in favor of the plaintiff. *Bent v. Jones*, 172 Ill. App. 62.

In the case of *Massie v. Belford*, 68 Ill. 290, the Supreme Court said:

"If a contract contains ambiguous words, or words of doubtful construction, such are to be construed most strongly against the party who executed the contract. If the contracting party uses, over his own signature, language of doubtful meaning, he cannot complain when the construction is favorable to the other contracting party, who is not presumed to have chosen the expression of doubtful meaning."

This language is approved in the case of *McClena-than v. Davis*, 243 Ill. 87, where it was held that if the language of an instrument is susceptible of two constructions, that construction will be adopted which makes performance possible or avoids a forfeiture.

In bringing an action in assumpsit the plaintiff itself, at least in the first instance, construed the contract to be one of sale on credit.

The judgment of the municipal court is reversed.

*Reversed.*

McSURELY and MATCHETT, JJ., concur.