## The Estate Stove Company, Appellant, v. W. E. Kenney and Oscar E. Danielson, copartners, Appellees.

### Gen. No. 7,355.

1. CONTRACTS—*timeliness of acceptance of written order to form contract.* A written order for goods which provided that it was subject to approval by an authorized executive officer of the seller and which contained no time for its acceptance did not become a binding contract unless accepted by such an officer within a reasonable time.

2. CONTRACTS—*sufficiency of evidence of acceptance of written order by seller.* Where an order for goods which was subject to acceptance by the seller was delivered personally to the seller's agent, an acceptance, to complete the contract, must be received by the purchaser, a mere showing that it was mailed being insufficient in the absence of any showing of an agreement that acceptance might be made by mail.

Appeal by plaintiff from the Circuit Court of Iroquois, county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed October 4, 1924.

E. J. PACEY and STEPHEN C. MALO, for appellant.

F. M. THOMPSON, of Paxton and J. W. KERN, of Watseka, for appellees.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellant, The Estate Stove Company, a corporation, began suit in the circuit court of Iroquois county against appellees, W. E. Kenney and Oscar E. Danielson, copartners, to recover for six stoves called "Heatrolas," alleged to be sold by appellant to appellees for $82.50 each. Upon issue being joined a jury was waived, there was a trial by the court, a finding for appellees and judgment accordingly. To reverse the judgment an appeal has been prosecuted to this court.

No propositions of law were submitted to the court, but many errors are urged and several questions of law are raised. There is only one of these questions which we deem necessary to consider, it being decisive of this appeal. On February 10, 1922, a traveling salesman of appellant called upon appellees at their store in Loda, Iroquois county, and wanted to sell them the goods in controversy. There was considerable conversation between the parties and appellees claim that it was agreed that the order which they subsequently gave appellant might be canceled by them upon thirty days' notice. A written order was given by appellees to the agent of appellant by which they purchased the six stoves. This order provided upon its face that it was not subject to cancellation, and further provided that "all agreements contained in this order * * * are subject to approval by a duly authorized executive officer of said company." The goods were to be shipped on or before August 1, 1922. The appellees contend that it was agreed that there was to be attached to this order a letter giving them the option to cancel the order upon thirty days' notice, but no such letter was attached to the order. The order was taken by the salesman and mailed to appellant. As far as appellees are concerned, the evidence shows they heard nothing more of the order until August 3, 1922, when they received a bill of lading from appellant stating that the goods had been shipped on August 2, which was one day after the date provided in the order. They immediately, by letter, notified appellant they would not receive the goods, which were subsequently sold for storage charges. On behalf of appellant it is claimed the evidence shows the order was received by appellant some time in February, 1922; that it was approved by some officer of the corporation; that a postal card was duly deposited in a mail sack, which sack was afterwards taken to the post office. This postal card notified appellees their

order had been approved and would be shipped in due course. The evidence on behalf of appellees is that they never received this postal card, or any other notice from appellant until they received the bill of lading on August 3.

When appellees delivered the written order to the traveling salesman of appellant, that order was not a contract between the parties. It was merely an offer by appellees to purchase the stoves. Before it became a contract it had to be accepted by a duly authorized executive officer of appellant. *Bay State Milling Co. v. Barth,* 135 Ill. App. 539; *Bent v. Jones,* 172 Ill. App. 62. If a duly authorized executive officer of appellant did not see fit to accept the order, then it did not ripen into a contract and appellant was under no obligations to deliver the goods. *E. C. Atkins & Co. v. Kirk,* 187 Ill. App. 311. Where an offer is silent as to the time within which it is to be accepted, it must be accepted within a reasonable time after the offer is made. *Larmon v. Jordan,* 56 Ill. 204; *Koeffler v. Davidson,* 66 Ill. App. 542; *Allen B. Wrisley Co. v. Mathieson Alkali Works,* 107 Ill. App. 379; Benjamin on Sales (3rd Ed.) p. 61. If an offer is not accepted within a reasonable time the person making the offer has the right to presume that it is rejected. *McGivern v. Parkhill,* 195 Ill. App. 344. There is no evidence that this order was ever approved by a duly authorized executive officer of appellant. There is some evidence tending to show that it was approved by D. F. Kahn, but there is no evidence that he was a duly authorized executive officer of appellant. The evidence shows that the supposed approval was made by drawing a line across the order indicating that it had been accepted by appellant, but there is no evidence even tending to show who drew the line across the order, or when it was drawn.

The mere mailing of a postal card to appellees by appellant notifying appellees that appellant accepted

the order was not sufficient to constitute a contract of sale in the absence of proof that the postal card was received by appellees.  Where an offer is made by mail, and an acceptance by mail is duly posted, the contract is complete when the letter of acceptance is deposited in the post office.  This is upon the theory that the mail is the agency selected by the person making the offer and the mailing of the acceptance completes the transaction and a contract is the result thereof.  But that is not the rule where the offer is personally delivered to the agent of the other party as was done in this case.  Under such circumstances in order to constitute a contract the acceptance must be actually received by the person making the offer. In 6 R. C. L. 614, after stating the rule that an offer made by mail may be accepted by mail, it is said: "But this modification of the general rule in favor of parties thus compelled to treat by correspondence through the post does not apply to cases where the offer is made to the other party personally. In such cases the proposer is entitled to personal notice that his offer has been accepted, and in the absence of proof of any agreement on his part that such notice might be sent to him by mail, or that such notice so sent has been actually received by him within the time limited, there has been no notice of such acceptance, and, unless the acceptance of the offer has been communicated to the person making it, it is of no avail. Where a proposal has not been made by mail, its acceptance, though mailed by the proposer, remains within the control of the acceptor until delivery, and he may, by preventing the delivery of the letter, avoid the consummation of the contract." See Anson on Contracts (2nd Am. Ed.) p. 30; 3 L. R. A. 94.  The order in this case was delivered by appellees to the traveling salesman of appellant. There is no evidence of any agreement that the acceptance was to be by mail, or that the postal card alleged to be mailed by appel-

lant was ever received by appellees. In the absence of such proof the court properly rendered judgment in favor of appellees.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*