KAREN ZINNI, Plaintiff-Appellant, *v.* ROYAL LINCOLN-MERCURY, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 79-1114

Opinion filed June 6, 1980.

Anthony J. Trotto, of Rice & Trotto, of Oak Park, for appellant.

Roger L. Harris, of Harris & Goldstein, of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Karen Zinni, brought this action against the defendants, Royal Lincoln-Mercury, Inc., and Ford Motor Company, for breach of a

contract for the sale of an automobile. In its motion to dismiss, defendant Royal Lincoln-Mercury contended that (1) no contract existed because defendant did not accept plaintiff's order to buy; and (2) if a contract exists, it is unenforceable under the Illinois statute of frauds (Ill. Rev. Stat. 1977, ch. 26, par. 2—201). The trial court granted defendant's motion to dismiss.

According to the allegations of plaintiff's complaint, plaintiff visited defendant's automobile showroom on June 23, 1977, with the purpose of purchasing an automobile. The parties allegedly entered an agreement for the sale of an automobile. The purported agreement is evidenced by a document, referred to as an order form, attached to plaintiff's complaint. This form lists the plaintiff's name and address, bears the printed letterhead of defendant, describes the car, and states the purchase price. The following language also appears within the document: *"THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE * * *."* Below this language are two lines: the first line is for the signature of the purchaser and the second is for the signature of the seller. On the second line are the words, "ACCEPTED BY:." Neither party signed this document. Plaintiff further alleges that defendant failed to deliver the bargained-for automobile and thereby breached the contract.

In its motion to dismiss, defendant contends that the absence of a signature by the dealer or his authorized representative establishes that plaintiff's offer to buy was not accepted by the defendant. In addition, since the defendant has not signed the document, the alleged contract is unenforceable under the statute of frauds. In granting defendant's motion to dismiss, the trial court found that no contract existed between the parties, and that assuming there was a contract, it was unenforceable under the statute of frauds.

■■■ On appeal, plaintiff maintains that defendant's acceptance may be manifested by acts or conduct other than signing the document. According to section 2—206 of the Uniform Commercial Code:

"(1) Unless otherwise unambiguously indicated by the language or circumstances

(a) an offer to make a contract shall be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances * * *." (Ill. Rev. Stat. 1977, ch. 26, par. 2—206.)

Although the modes of a valid acceptance may be varied, the requirement of an acceptance by the offeror still exists. The three essential elements of a contract are an offer, an acceptance and consideration. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.) Where an order form, containing the buyer's offer, requires the acceptance of the seller, no contract will exist until the seller

has manifested acceptance of the offer. (*Estate Stove Co. v. Kenny* (1924), 234 Ill. App. 366.) The record before us contains no manifestation of the defendant's acceptance of the plaintiff's offer. Although the order form contains a space for the defendant's signature, defendant did not sign it. While we believe defendant's acceptance may be manifested in ways other than its signature, plaintiff's complaint completely fails to allege an alternative manifestation of defendant's acceptance. Absent an acceptance by the defendant, no contract existed between the parties.

■■ In her appellate brief, plaintiff states that she made a $25 deposit on the car. This fact was not brought to the attention of the trial court and is raised for the first time on appeal. The significance of defendant's receipt of this deposit is its possible function as a manifestation of defendant's acceptance. We, however, cannot consider this fact or its legal import because it is not a part of the record before us. (*Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 365 N.E.2d 115; *Santucci Construction Co. v. Metropolitan Sanitary Dist.* (1972), 9 Ill. App. 3d 491, 292 N.E.2d 579.) Consideration of the second issue involving the statute of frauds is unnecessary because of our conclusion that no contract existed between the parties.

Accordingly, the order of the circuit court is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.