(No. 26706.—

THEODORE PORTER *et al.*, Appellees, *vs.* HARRY J. PORTER *et al.*—(Mary Willard Porter *et al.*, Appellants.)

*Opinion filed November 17, 1942—Rehearing denied Jan. 13, 1943.*

Fulton, J., dissenting.

C. C. H. Zillman, for appellants.

Linenthal & Scheyer, and John W. Daly, (A. C. Linenthal, of counsel,) for appellees.

Mr. Justice Gunn delivered the opinion of the court:

The appellees Theodore Porter and Phoebe Sanders, brother and sister, filed their complaint in this cause for partition. The said plaintiffs together with the defendant-appellee, Harry J. Porter, a half brother, are the children and heirs-at-law of Charles O. Porter, deceased. The appellants, Mary Willard Porter and Norma Willard Hackbarth, are the children and heirs-at-law of Violabelle Porter, who was the third wife of said Charles O. Porter. Charles O. Porter died intestate, a resident of Chicago, Illinois, on April 6, 1923. Violabelle Porter, his widow, died intestate, a resident of the same city, on June 14, 1940.

When Charles O. Porter married Violabelle Porter, she had two small children. These two girls took the name of

Porter after their mother's marriage and were sued by that name in this case although they were never legally adopted.

In the year 1894 Charles O. Porter acquired title to the real estate involved in this suit and held the same until August 7, 1922, when he and his third wife, Violabelle Porter, executed a deed in which it was attempted to convey title to themselves as joint tenants. The correct construction of this deed is the only disputed question on this appeal. The pertinent parts of said deed read as follows:

"This Indenture, Made this 7th day of August, 1922, between Charles O. Porter and Violabelle Porter his Wife of the City of Chicago in the County of Cook and State of Illinois parties of the first part, and Charles O. Porter and Violabelle Porter his Wife of the City of Chicago in the County of Cook and State of Illinois parties of the second part: Witnesseth, that the parties of the first part, for and in consideration of the sum of Ten dollars and other valuable consideration in hand paid, convey and warrant to the said parties of the second part, not in tenancy in common, but in joint tenancy, the following described Real Estate: [Here follows description of the real estate.] In the event of the death of Charles O. Porter, Violabelle Porter his Wife shall receive all benefits accruing from said property and shall make all necessary repairs and shall pay all taxes and other expenses out of the proceeds of said property during her lifetime. Should however Violabelle Porter deem it necessary to sell said property during her lifetime, then the proceeds of said sale shall be evenly divided between Violabelle Porter his Wife, Phoebe A. M. Porter Sanders, Harry J. Porter, and Theodore C. Porter Children of Charles O. Porter and Norma E. Willard and Mary E. Willard Children of Violabelle Porter Wife of Charles O. Porter. His heirs at law. * * * To Have and to Hold the above granted premises unto the said parties of the second part forever, not in tenancy in common, but in joint tenancy."

The sole question to be determined is, what interest did Violabelle Porter acquire in and by said conveyance? The decree of the superior court of Cook county found that said deed conveyed to Violabelle Porter upon the death of her husband a life estate, and therefore, upon her death, the fee simple title vested in Theodore Porter, Phoebe A. Sanders and Harry J. Porter, children of Charles O. Porter,

as tenants in common, and that appellants, Mary E. Willard Porter and Norma Willard Hackbarth, children of Violabelle Porter by a former marriage, have no interest in the property.

In the construction of deeds, wills, contracts and other instruments in writing, the court seeks to ascertain the intention of the parties, and the intention, when found, will be given effect, if it is consistent with the language used, and with the law and public policy. *Anderson* v. *Stewart*, 285 Ill. 605; *Bear* v. *Millikin Trust Co.*, 336 id. 366; *Woods* v. *Seymour*, 350 id. 493.

It is conceded that the deed in question was ineffective to convey an estate in joint tenancy to Charles O. Porter and Violabelle Porter. An estate in joint tenancy can only be created by grant or purchase. The properties of a joint estate are derived from its unities, which are fourfold: the unity of interest; the unity of title; the unity of time; and the unity of possession. In other words, joint tenants have one and the same interest accruing by one and the same conveyance, at one and the same time, and held by one and the same undivided possession. (*Deslauriers* v. *Senesac*, 331 Ill. 437.) The effect of such a deed however, where made by parties one of whom has an interest in the title, and the other of whom does not, is to create a tenancy in common between the grantees instead of a joint tenancy. *Deslauriers* v. *Senesac, supra.*

In ascertaining the effect of the words in the deed supposed to limit the interest of Violabelle Porter from a half interest in fee to a life estate in the whole, the intent must be ascertained by an examination of the deed, as though the original purpose of creating a joint tenancy had been effected. It was no part of the intention of the parties to create a tenancy in common, as that effect was produced as a matter of law by one of the parties not having all of the requisite qualifications to create a joint tenancy, that is, at the time the deed was made Violabelle

Porter did not have the same interest in the property as did Charles O. Porter, the effect of which prevented the actual intention of the parties from being fulfilled.

Looking at the instrument as intended, without, at present, considering the limiting words, Violabelle Porter, upon the death of Charles O. Porter, by operation of law would immediately become the owner of the property in fee simple as survivor, as that is one of the attributes of joint tenancy. Its effect also would be to vest in each of the parties a present estate, which, upon severance of the joint interest, would result in the tenancy in common; or, if sold, would make the purchaser from one joint tenant a cotenant with the other. Considering then that the parties intended to create a joint tenancy, what effect, if any, are we to give to the words which have been construed to limit the interest of Violabelle Porter to a life estate?

The first sentence is as follows: "In the event of the death of Charles O. Porter, Violabelle Porter his Wife shall receive all benefits accruing from said property and shall make all necessary repairs and shall pay all taxes and other expenses out of the proceeds of said property during her lifetime." There is nothing in these words which changes the burden or the benefit that Violabelle Porter would incur or have by reason of ownership. As the owner, she is entitled to all of the benefits of the property, and is also under obligation to pay all taxes, or whatever repairs may be required. If these words were intended to limit her interest, they failed to do so, because there is no inconsistency between the rights and obligations of the owner as a matter of law, and those recited in the deed. They neither add to nor detract from whatever estate may have been vested by the granting words.

One of the rights of a joint tenant in real property is to sever the tenancy by conveyance of his interest, in which event the grantee becomes a cotenant with the remaining joint tenant, and the chief attribute of joint tenancy, *viz.*,

the survivor's right to take the entire interest, is thereby destroyed. Doubtless the parties had this in mind when the above provision was inserted, because the right of Charles O. Porter to sell his interest was always present, and this provision attempted to give the use of the whole property to Violabelle Porter in case of his death, regardless of a previous sale by him, and did not and could not affect her vested present interests, but was intended to give her rights in the half that might be conveyed away. Since Violabelle Porter is dead it is unnecessary to decide if such a purpose was accomplished, other than to hold that the present interest conveyed to her by the deed was not affected. The fact that Charles O. Porter did not sever the tenancy does not change the situation. Construing the provision in this manner gives effect to all of the words in the deed, but to hold that Violabelle Porter had only a life estate in the whole of the property after the death of Charles O. Porter would be not only contrary to the legal effect of the joint-tenancy relationship, but would be repugnant to the interest created the moment the deed was delivered.

The second sentence claimed to be limiting in character is "Should however Violabelle Porter deem it necessary to sell said property during her lifetime, then the proceeds of said sale shall be evenly divided between Violabelle Porter his Wife, Phoebe A. M. Porter Sanders, Harry J. Porter, and Theodore C. Porter Children of Charles O. Porter and Norma E. Willard and Mary E. Willard Children of Violabelle Porter Wife of Charles O. Porter. His heirs at law." This provision does not affect her title or ownership unless she sells the property. The right to sell or mortgage is an incident of ownership, and an attempt to restrict the sale of real estate by a provision in the deed when the title is vested in fee is void, as repugnant to the purpose of the deed. (*McFadden* v. *McFadden,* 302 Ill. 504; *Jones* v. *Port Huron Engine Co.* 171 id. 502.) The

provision, however, for the division of proceeds is one to occur in case Violabelle Porter deems it necessary to sell the property in her lifetime. If she does this she takes one sixth of the proceeds, and the designated children, one sixth each. If she does not sell the property the fee remains in her. These words do not reduce the fee presently given to Violabelle Porter in the part or in the whole, as survivor, nor do they apply to Charles O. Porter in any event.

The situation is similar to *Hampton* v. *Dill,* 354 Ill. 415, where a certain disposition of property was made by will only in case the testator married before he died. He did not marry, and it was held the provision, made upon such condition, could not be made to apply where the condition was not present.

That a joint tenancy, with all of its attributes, was fully intended is shown by the concluding words of the deed "To have and to Hold the above granted premises unto the said parties of the second part forever, not in tenancy in common, but in joint tenancy." The fact that the concluding clause, in the form of an *habendum,* reaffirms the conveyance in fee, indicates clearly that the estate described in the granting clause was defined and reaffirmed in the *habendum* clause. In *Harder* v. *Matthews,* 309 Ill. 548 it is said, "Where the granting clause does not define the estate conveyed, the *habendum* is efficient to declare the estate intended and to rebut any implication arising from the omission to describe the estate in the preceding clause. [Citations.] The rule is that the *habendum* cannot cut down the estate granted, but in some cases it has been held that it may enlarge the estate." If the limiting clauses had any other effect than that pointed out above they would be ineffective, because they attempt to limit a fee clearly and presently granted. *Stewart* v. *Stewart,* 186 Ill. 60; *Wilson* v. *Wilson,* 268 id. 270; *Nave* v. *Bailey,* 329 id. 235.

We are of the opinion, taking into consideration all of the language, that had a joint-tenancy estate been properly created, and there had been no severance by conveyance, the survivor would have taken a fee simple without it being limited by the language above referred to. However, as we have pointed out, because of the absence of one of the unities necessary for the creation of a joint estate, a tenancy in common was created. This is not because the parties so intended, but because the law makes it imperative that all of the unities be present to create the joint estate. The intention of the parties, and the effect of the limiting words used, would necessarily be the same in both instances. If the deed had been a direct conveyance to the parties as tenants in common, with the same limiting phrases, it would have to be construed the same way.

If the effect of the words is the same, whether the grantee received a half interest as tenant in common, or a present interest with an expectancy of survivorship as joint tenant, it necessarily follows that Violabelle Porter by this deed acquired a present interest as tenant in common, which was not affected by the words claimed to limit her interest to a life estate. It is our opinion the deed under consideration conveyed to Violabelle Porter an undivided one-half interest, of which she died seized, and which the appellants, as heirs-at-law, are entitled to take.

The decree of the superior court of Cook county is reversed and the cause remanded, with directions to proceed in a manner not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE FULTON, dissenting.