# Illinois Official Reports

## Appellate Court

---

### *Estate of Jezewski v. Jaworski*, 2019 IL App (1st) 170100

---

| | |
|---|---|
| Appellate Court Caption | ESTATE OF ANIELA JEZEWSKI, a Deceased Person, Plaintiff-Appellant, v. ELIZABETH JAWORSKI; KAZIEMIERZ JAWORSKI, a/k/a Casey Jaworski; J.P. MORGAN CHASE, N.A.; and UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants-Appellees. |
| District & No. | First District, First Division<br>No. 1-17-0100 |
| Filed | September 30, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-CH-0848; the Hon. Thomas R. Allen, Judge, presiding. |
| Judgment | Reversed; cause remanded. |
| Counsel on Appeal | David Lewarchik, of Lewarchik Law PLLC, of Chicago, for appellant.<br><br>Peter M. King, of King Holloway Lipinski LLC, of Chicago, for appellee J.P. Morgan Chase Bank, N.A.<br><br>No brief filed for other appellees. |

Panel            PRESIDING JUSTICE GRIFFIN delivered the judgment of the court, with opinion.
Justices Pierce and Walker concurred in the judgment and opinion.

# OPINION

¶ 1      This is an appeal from an order entered by the circuit court of Cook County dismissing a partition action for lack of standing pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2016)). At issue is the language of a deed and the trial court's findings that the deed was unambiguous and clearly expressed the intention of the parties to create a joint tenancy such that upon the death of grantee Aniela Jezewski, her interest in the subject property passed to the surviving joint tenants and her estate lacked standing to compel a partition. For the following reasons, we reverse the judgment of the circuit court of Cook County and remand the cause for further proceedings consistent with this opinion.

¶ 2                                  BACKGROUND

¶ 3      Aniela Jezewski (Aniela) and defendants Elizabeth and Kaziemierz Jaworski (Jaworskis) purchased property from Claire D. Powalazcek located at 5839 North Central Avenue, Chicago, Illinois, 60646. The purchase of the property was a family affair; Elizabeth is Aniela's daughter, and she is married to Kaziemierz.

¶ 4      In connection with the purchase, the seller executed a trustee's deed on June 9, 2002, conveying the property to Aniela and the Jaworskis as follows:

> "An undivided one half interest to Aniela Jezewski and an additional undivided one half interest to Kazimierz Jaworski and Elizabeth Jaworski as Joint Tenants and not tenants in common."

On August 9, 2009, Aniela passed away and a probate estate was opened on December 13, 2013.

¶ 5      On January 21, 2016, plaintiff, Estate of Aniela Jezewski, filed a petition to partition the property in the circuit court of Cook County against defendants Elizabeth, Kaziemierz, and J.P. Morgan Chase, N.A. (J.P. Morgan). The petition claimed that (1) Aniela's interest in the property passed to her estate upon her death, (2) Kaziemierz was "unwilling" to join in a voluntary partition of the property, (3) the Jaworskis were husband and wife, and (4) J.P. Morgan had an interest in the property by virtue of a mortgage lien recorded on August 8, 2013 (the Jaworskis executed a note in favor of J.P. Morgan that was secured by a mortgage on the property on July 26, 2013, after Aniela passed away).

¶ 6      On February 29, 2016, Kaziemierz filed a section 2-619(a)(9) motion to dismiss the petition for lack of standing, arguing that the deed created a joint tenancy and Aniela's interest in the property passed to the Jaworskis upon her death through the right of survivorship. Plaintiff filed a response claiming that the deed created a tenancy in common between Aniela and the Jaworskis and a joint tenancy between husband and wife. Attached to plaintiff's response was an affidavit executed by Elizabeth, wherein she stated that it was always "our" intention that Aniela's interest would pass to her estate upon her death.

¶ 7     On March 18, 2016, Elizabeth answered plaintiff's petition and admitted each allegation. J.P. Morgan filed an answer but was later granted leave to withdraw it.

¶ 8     On September 22, 2016, the trial court held a hearing on the section 2-619(a)(9) motion to dismiss but continued the hearing after plaintiff raised a new argument, that a joint tenancy could not have been created because the deed granted unequal undivided interest in the property in violation of the common law "unity of interest" rule, which requires joint tenants to hold their undivided interests in property equally. The parties were allowed to file supplemental briefs addressing the issue.

¶ 9     In its supplemental brief, plaintiff maintained that the deed granted Aniela and the Jaworskis unequal interests in the property and a joint tenancy was not created. Kaziemierz argued that the "unity of interest" requirement was "relaxed" by the Joint Tenancy Act (Act) (765 ILCS 1005/0.01 *et seq.* (West 2016)) and the only requirement under Illinois to create a joint tenancy is compliance with section 1 of the Act (*id.* § 1), which requires an instrument of conveyance to expressly declare that the premises shall pass "not in tenancy in common but in joint tenancy." Alternatively, Kaziemierz argued that the grantees did share a "unity of interest" because the deed granted equal undivided one-half interests in the property to Aniela on one hand, and the Jaworskis on the other. J.P. Morgan filed a brief in support of the argument raised by Kaziemierz.

¶ 10    The trial court held a hearing on November 28, 2016, and granted the section 2-619(a)(9) motion to dismiss, finding that plaintiff lacked standing because the deed was unambiguous and created a joint tenancy such that upon Aniela's death, her interest passed to the Jaworskis through the right of survivorship. The trial court emphasized the language of the deed, "not as tenants in common," as clearly expressing how the parties did not want their relationship to be construed and noted that plaintiff's "unity of interest" argument was "old property law" and that while it was creative, "a little literary license" was required to find that the grantees held unequal undivided interests in the property.

¶ 11    Plaintiff filed a timely notice of appeal on December 28, 2016, and seeks a reversal of the trial court's judgment on the basis that it was incorrect as a matter of law. J.P. Morgan filed a brief in response. Kaziemierz failed to file a response brief. Plaintiff failed to file a reply brief.

¶ 12                                          ANALYSIS

¶ 13    The issue on appeal is whether the judgment of the trial court was incorrect as a matter of law. Our review is *de novo*. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004); *Diaz v. Home Federal Savings & Loan Ass'n of Elgin*, 337 Ill. App. 3d 722, 725 (2002); *Hoch v. Boehme*, 2013 IL App (2d) 120664, ¶ 42.

¶ 14    Section 2-619(a)(9) permits involuntary dismissal where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). A lack of standing qualifies as an "affirmative matter" under section 2-619(a)(9). *Id.* In ruling on a section 2-619(a)(9) motion to dismiss, a court must accept as true all well-pleaded facts in the plaintiff's complaint and all inferences that can reasonably be drawn in plaintiff's favor. *In re Estate of Schlenker*, 209 Ill. 2d 456, 461 (2004). A section 2-619(a)(9) motion to dismiss for lack of standing should be granted only if the plaintiff can prove no set of facts that would support a cause of action. *Chicago Teachers Union, Local 1 v. Board of Education of the City of Chicago*, 189 Ill. 2d 200, 206 (2000). The defendant must plead and prove a plaintiff's lack of standing. *Id.*

¶ 15    In order to compel a partition of property, a plaintiff must first have an interest in the property. See 735 ILCS 5/17-101 (West 2016) ("[w]hen lands, tenements, or hereditaments are held in joint tenancy or tenancy in common, *** any one or more of the persons interested therein may compel a partition thereof by a verified complaint in the circuit court of the county where the premises or part of the premises are situated"). An interest in property is also required for standing in a partition action. *Muirhead Hui L.L.C. v. Forest Preserve District*, 2018 IL App (2d) 170835, ¶ 22 (the doctrine of standing requires some injury in fact to a legally cognizable interest and is designed to preclude persons who have no interest in a controversy from bringing suit).

¶ 16    To determine whether plaintiff has an interest in the property at issue here, and therefore has standing to compel a partition, we must look to the language of the deed by which they took title. It is well established that in construing a deed the overriding concern is to ascertain and give effect to the intention of the parties. *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 467 (1991). The deed should be construed so as to carry out this intention, as gathered from the instrument as a whole, and every word in the deed should be considered and, if possible, given effect. *Id.*

¶ 17    Absent an ambiguity in the deed, the intention of the parties must be discerned solely from the language of the instrument, without consideration of extrinsic factors. *Id.* But where a deed is ambiguous, extrinsic evidence is admissible to ascertain the intent of the grantor and grantee. *Hoch*, 2013 IL App (2d) 120664, ¶ 42. When its construction is in doubt, a deed is to be interpreted most favorably for the grantee. *Save Our Little Vermilion Environment, Inc. v. Illinois Cement Co.*, 311 Ill. App. 3d 747, 752 (2000).

¶ 18    We hold that the intention of the parties is clear from the plain language of the deed. Aniela was a tenant in common with the Jaworskis, who held their interest in the property as joint tenants. Upon Aniela's death, her interest in the property passed to her estate such that plaintiff has standing to compel a partition of the property.

¶ 19    As a matter of law, the deed cannot be construed as creating a joint tenancy because it conveys *unequal* undivided interests to the grantees in violation of the "unity of interest" requirement at common law. The "four unities" must be present in order to create and perpetuate a joint tenancy. *Harms v. Sprague*, 105 Ill. 2d 215, 220 (1984). Though section 1b of the Act (765 ILCS 1005/1b (West 2016)) allows a joint tenancy to be created though a conveyance from the grantor directly to himself as a grantee without the intervention of a third party (see *Sathoff v. Sutterer*, 373 Ill. App. 3d 795, 798 (2007)), the "unity of interest" requirement is intact and it remains in full force and effect. In order to create a joint tenancy, the joint tenants must hold equal undivided interests in the property.

¶ 20    Accordingly, plaintiff's petition to partition the property should not have been dismissed for lack of standing pursuant to section 2-619(a)(9) because Aniela's interest in the property passed to her estate upon her death. The judgment of the trial court must be reversed.

¶ 21                                          CONCLUSION

¶ 22    Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

¶ 23    Reversed; cause remanded.