# Illinois Official Reports

## Appellate Court

---

### *In re Estate of Aryeh*, 2021 IL App (1st) 192418

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF MOSHE DAVID ARYEH, Deceased (Performance Food Group, Inc., Petitioner-Appellant, v. Shoshana Aryeh, Executor of the Estate of Moshe David Aryeh, Deceased, Respondent-Appellee). |
| District & No. | First District, Sixth Division<br>No. 1-19-2418 |
| Filed | March 12, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-P-4358; the Hon. Kent A. Delgado, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James S. Zmuda and Keisha N. Douglas, of Califf & Harper, P.C., of Moline, for appellant.<br><br>Christopher M. Heintskill and Carrie A. Harington, of Levenfeld Pearlstein, LLC, of Chicago, for appellee. |

Panel     JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Harris concurred in the judgment and opinion.

**OPINION**

¶ 1  This interlocutory appeal arises from an order of the circuit court denying petitioner, Performance Food Group, Inc.'s (PFG), petition for declaration of interest in real estate that was filed against the Estate of Moshe David Aryeh (Estate). On appeal, PFG contends that the circuit court erred in finding that the property located at 6201 North Lawndale Avenue in Chicago, Illinois (Lawndale Property) was not owned by decedent, Moshe David Aryeh (David), and his wife, Shoshanna Aryeh (Shoshanna) as tenants in common but instead as joint tenants with right of survivorship. For the following reasons, we affirm.

¶ 2           BACKGROUND

¶ 3  The underlying facts are not in dispute.On June 25, 2018, PFG filed a petition for letters of administration to collect against the Estate. In its petition, PFG alleged that David died on May 17, 2018, and that his place of residence at the time of his death was 6116 North Monticello Avenue in Chicago, Illinois (Monticello Property). PFG later alleged, on information and belief, that subsequent to October 21, 2010, David and Shoshanna maintained a homestead at the Monticello Property as husband and wife. This was supported by a copy of a quit claim deed filed on October 21, 2010, which transferred the Monticello Property to David and Shoshanna in fee simple as tenants by the entirety.

¶ 4  PFG claimed that it was an interested party in the Estate because it had a judgment against David that was entered in Rock Island County, Illinois, on December 15, 2017, in case No. 17-L-99. PFG alleged that it made numerous attempts to discover David's assets and collect its judgment prior to David's death. PFG further alleged that after David's death it also attempted, unsuccessfully, to serve Shoshanna for the purpose of discovering David's assets for payment of the judgment.

¶ 5  On August 8, 2018, PFG filed supplemental information, regarding its petition for letters of administration to collect, alleging that subsequent to the filing of its petition, it discovered a probate asset: the Lawndale Property. According to PFG's pleading, on or about May 20, 2015, a warranty deed was filed "purportedly" transferring the Lawndale Property to David and Shoshanna in fee simple as tenants by the entirety. PFG relied on section 1c of the Joint Tenancy Act (Act) (765 ILCS 1005/1c (West 2018)), which provides that a valid tenancy by the entirety applies only to property maintained or intended to be maintained as a homestead by a husband and wife, and further that the instrument must expressly declare that the conveyance was made to tenants by the entirety. Additionally, PFG pointed out that the deed for the Lawndale Property expressly stated that it was not homestead property and that the purported conveyance in tenancy by the entirety of the Lawndale Property was invalid and unenforceable. As such, PFG maintained that the Lawndale Property was held as tenants in common and accordingly did not automatically pass to Shoshanna through any rights of survivorship, therefore making it a probate asset.

¶ 6        Subsequent to the filing of PFG's initial pleadings, David's last will and testament was located and admitted to probate, whereby Shoshanna was appointed as executor of the estate. Thereafter, PFG and other creditors filed their claims against the estate.[1] On November 5, 2018, PFG filed a claim for $244,006.07 plus interest indicating that the default judgment order was recorded with the Cook County Recorder of Deeds as document No. 1822219127.

¶ 7        On December 27, 2018, PFG filed a petition to terminate independent administration by Shoshanna as executor to protect its interest and that of the Estate's other creditors. Among other things, the petition alleged that David and Shoshanna improperly attempted to shield the Lawndale Property from creditors by improperly titling it as a tenancy by the entirety, despite their failure to meet the statutory requirements for such title.

¶ 8        On February 21, 2019, Shoshanna filed her response to PFG's petition to terminate. In her response, Shoshanna asserted that while she and David resided at the Monticello Property, they purchased the Lawndale Property with the intention of completing construction and converting it to their primary residence. However, David passed away before that occurred. Shoshanna acknowledged that a married couple can only own one property as tenants by the entirety; however, contrary to PFG's position, she asserted that ownership of another property does not automatically become a tenancy in common and thus an asset of the Estate.

¶ 9        On June 20, 2019, PFG filed a petition for declaration of interest in real estate, which is the subject of this appeal. In that petition, PFG restated its prior allegations that the Lawndale Property was held as tenants in common and was thus a probate asset.

¶ 10       The Estate filed its response to PFG's petition on July 31, 2019, in which it reasserted its prior arguments that the Lawndale Property was not the Estate's property because section 1c states that an estate shall, by operation of law, become a joint tenancy on the creation and maintenance by both spouses together of other homestead property. The Estate further maintained that, under the Act, the intention, but failure, to create a tenancy by the entirety creates a joint tenancy. The Estate also noted that PFG failed to provide any authority to the contrary.

¶ 11       In its August 6, 2019, response, PFG argued that the Estate failed to provide any evidence demonstrating a valid tenancy by the entirety for the Lawndale Property, claiming instead that the warranty deed was an invalid and unenforceable transfer to David and Shoshanna as tenants by the entirety. PFG further contended that because the deed failed to expressly declare the transfer to the parties as joint tenants, the default rule of tenants in common applied to the Lawndale Property under the plain language of the Act.

¶ 12       On August 13, 2019, the circuit court heard argument on PFG's petition for declaration of interest in real estate. No report of proceedings or bystander's report from this hearing is included as part of the record on appeal. At the conclusion of the hearing, the circuit court entered an order finding that after consideration of the filings and arguments of counsel, David and Shoshanna intended to create the right of survivorship as to the Lawndale Property, thus rendering joint tenancy. Additionally, the court determined that due to the right of survivorship, the Lawndale Property was not an estate asset. Lastly, the court added Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) language to the order, indicating that there was no just reason to delay appeal of the ruling.

---

[1]The record indicates that other claims were filed against the Estate during the pendency of this matter; however, we will confine our discussion to PFG's claim.

¶ 13    On August 29, 2019, PFG filed a motion to reconsider the circuit court's declaration that the Lawndale Property was held in joint tenancy. In support of its motion, PFG argued that the circuit court's reliance on *Mittel v. Karl*, 133 Ill. 65 (1890) was misplaced because (1) the facts of the case were distinguishable and its holding inapplicable to this case, (2) the rule of law has been replaced by subsequent rulings and is no longer valid, and (3) applying the current rule of law requires a declaration that the Lawndale Property was held as tenants in common.

¶ 14    PFG contended that the facts of *Mittel* were plainly distinguishable because no words of survivorship were included in the Lawndale property deed. Additionally, PFG contended that the intention of the parties, when found, will be given effect if consistent with the language used and with the law and public policy. PFG cited *Tindall v. Yeats*, 392 Ill. 502, 507 (1946), and *Porter v. Porter*, 381 Ill. 322, 325 (1942), in support. PFG concluded that, when applying the current rule of law, the Lawndale Property was held as tenants in common and that section 1c of the Act does not automatically convert an invalid tenancy by the entirety to a joint tenancy. PFG maintained that the law governed, not the parties' intent. PFG argued that the circuit court's declaration of joint tenancy in this case was contrary to the legal requirements of the Act and could not stand.

¶ 15    The Estate filed its response on October 9, 2019, noting the standard for filing a motion to reconsider and specifically noting that new legal theories or factual arguments should not be raised at that time. The Estate contended that the circuit court correctly ruled that the Lawndale Property was a joint tenancy pursuant to the Act, and that PFG's motion to reconsider simply raised the same arguments that were rejected by the circuit court in its initial ruling. Because PFG failed to present any new facts or demonstrate how the court misapplied existing law, the Estate concluded that the motion to reconsider should be denied.

¶ 16    PFG filed a reply on October 18, 2019, alleging that the Estate's response showed a conflict of interest because Shoshanna was both David's spouse and the executor of the estate. PFG further contended that the circuit court, in open court, expressly invited it to file a motion to reconsider if it found any authority contrary to *Mittel*, which was the basis for the court's ruling. PFG concluded that the cases cited in its motion to reconsider establish that the circuit court's ruling was in error.

¶ 17    The court was not persuaded and denied PFG's motion to reconsider on October 30, 2019. PFG subsequently filed its timely notice of interlocutory appeal on November 25, 2019, seeking review of the circuit court's orders of August 13, 2019, and October 30, 2019. No report of proceedings or bystander's report from those court dates was included in the record on appeal.

¶ 18                                    DISCUSSION

¶ 19    On appeal, PFG contends that the circuit court erred in finding that the Lawndale Property was not owned by David and Shoshanna as tenants in common but instead as joint tenants with right of survivorship.

¶ 20                                   A. Jurisdiction

¶ 21    Before we discuss the merits of PFG's appeal, we must first determine whether we have jurisdiction to hear the appeal. A reviewing court has a duty to *sua sponte* consider whether it has jurisdiction and to dismiss an appeal if it lacks jurisdiction. *In re Estate of Young*, 2020 IL

App (2d) 190392, ¶ 16. The question of whether we have jurisdiction is a question of law, which we review *de novo*. *Mayle v. Urban Realty Works, LLC*, 2020 IL App (1st) 191018, ¶ 36.

¶ 22    This case is an interlocutory appeal and PFG asserts that this court has jurisdiction pursuant to Rule 304(a). Rule 304(a) provides, in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 23    The Illinois Constitution provides for appellate jurisdiction to hear appeals from all final judgments entered in the circuit court. Ill. Const. 1970, art. VI, § 6. The constitution also grants our supreme court the authority to provide by rule for appeals from less than final judgments. *Id.* Judgments that dispose of separate, unrelated claims are immediately appealable under Rule 304(a), while orders that dispose of only separate issues related to the same claim are not immediately appealable under Rule 304(a). *The Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 15. A judgment is final if it terminates and disposes of the parties' rights regarding issues in the suit, either on the entire case or on some definite and separate part of the controversy, so that, if affirmed, the trial court has only to proceed with the execution of judgment. *Johnson v. Northwestern Memorial Hospital*, 74 Ill. App. 3d 695, 697 (1979).

¶ 24    In the case at bar, PFG filed a petition for declaratory judgment, seeking to determine whether the Lawndale Property was an estate asset for purposes of satisfying its judgment against David. The circuit court entered a declaratory judgment that the Lawndale Property was not an asset of the Estate and instead was held in joint tenancy with right of survivorship to Shoshanna. We find that resolution of the petition was a separate claim from the Estate's probate proceedings, which are still pending in the circuit court, and further that it was a final judgment as to the declaratory judgment action. As such, we conclude that this case is properly before the appellate court and we have jurisdiction over the interlocutory appeal pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 25            B. Failure to File a Report of Proceedings or Certified Bystander's Report

¶ 26    As an additional matter, it is necessary to note at the outset that PFG has failed to provide any transcripts from any of the proceedings below. Therefore, we do not know what arguments the parties made to the circuit court or the circuit court's reasons, aside from what is written in the order, for granting judgment in favor of the Estate.

¶ 27    It is the duty of every appellant in a reviewing court to provide a sufficient record to support a claim of error. In the absence of such a record, the reviewing court will presume that the trial court's order was in conformity with established legal principles and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a proper record, a reviewing court may dismiss the appeal or, alternatively, summarily affirm the judgment of the trial court. *Marx Transport, Inc. v. Air Express International Corp.*, 379 Ill. App. 3d 849, 853 (2008). However, the failure to present a report of proceedings does not require automatic dismissal or affirmance when the issues can be resolved on the record as it stands. *Id.*

¶ 28    Here, we find that dismissal or summary affirmance is not necessary as the issues on appeal can be resolved on the record. Hence, we will proceed to address the substantive issue raised by PFG on appeal.

¶ 29                                    C. Analysis
¶ 30                            1. Overall Standard of Review
¶ 31    This case is before the court on the denial of a request for declaratory judgment by PFG. As a general matter, the grant or denial of a request for declaratory judgment rests within the sound discretion of the trial court, and this court will not reverse such a decision absent an abuse of that discretion. *Muhammad v. Muhammad-Rahmah*, 363 Ill. App. 3d 407, 414 (2006). The burden of proof in a civil proceeding generally rests on the party seeking relief (*id.*) and is always borne by the plaintiff in a declaratory judgment action (*Empire Indemnity Insurance Co. v. Chicago Province of the Society of Jesus*, 2013 IL App (1st) 112346, ¶ 35).

¶ 32                            2. The Lawndale Property Deed
¶ 33    Here, PFG contends that the Lawndale Property deed failed to properly convey title to David and Shoshanna as tenants by the entirety, which reverts to a tenancy in common. In reviewing this issue, we must construe the deed for the Lawndale Property.

¶ 34    In construing a deed, our primary goal is to ascertain the intent of the parties. *Diaz v. Home Federal Savings & Loan Ass'n of Elgin*, 337 Ill. App. 3d 722, 727 (2002). To determine the parties' intent, a court must analyze " 'the specific words used in conjunction with the circumstances under which they were drafted.' " *Id.* (quoting *Warren-Boynton State Bank v. Wallbaum*, 123 Ill. 2d 429, 436 (1988)). In interpreting intent, like principles are applied to deeds, trusts, and wills. *Mitchell/Roberts Partnership v. Williamson Energy, LLC*, 2020 IL App (5th) 190339, ¶ 50. " 'The deed should be construed so as to carry out this intention, as gathered from the instrument as a whole, and every word in the deed should be considered, and if possible, given effect.' " *Id.* (quoting *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 467 (1991)).

¶ 35    Absent an ambiguity in the deed, the intention of the parties must be discerned solely from the language of the instrument, without consideration of extrinsic factors. *Estate of Jezewski v. Jaworski*, 2019 IL App (1st) 170100, ¶ 17. When its construction is in doubt, a deed is to be interpreted most favorably for the grantee. *Id.* The construction of a deed normally presents a question of law and is subject to *de novo* review. *Diaz*, 337 Ill. App. 3d at 725.

¶ 36    Tenancy by the entirety is an estate in real property provided for by the Act. *Premier Property Management, Inc. v. Chavez*, 191 Ill. 2d 101, 105 (2000). Only spouses may hold property in this estate. *Id.*; 765 ILCS 1005/1c (West 2018). Additionally, the estate is limited to homestead property. *Premier Property Management, Inc.*, 191 Ill. 2d at 105. This type of ownership operates under the fictional assumption that a husband and wife are one for legal purposes—it conveys the property to them as one person; they each own 100% of the property. *Marquette Bank v. Heartland Bank & Trust Co.*, 2015 IL App (1st) 142627, ¶ 11.

¶ 37    According to the tenancy by the entirety provision of the Code of Civil Procedure (Code) (735 ILCS 5/12-112 (West 2018)), holding property in tenancy by the entirety protects spouses in that the property cannot be sold to satisfy the debt of only one spouse. The exemption

protects an innocent spouse from losing the marital home because of the individual debts of his or her spouse. *Marquette Bank*, 2015 IL App (1st) 142627, ¶ 12.

¶ 38    According to the section 1c of the Act, tenancy by the entirety is a form of joint tenancy. 765 ILCS 1005/1c (West 2018). Our supreme court has defined a joint tenancy as " 'a present estate in all the joint tenants, each being seized of the whole.' " *Harms v. Sprague*, 105 Ill. 2d 215, 224 (1984) (quoting *Partridge v. Berliner*, 325 Ill. 253, 257 (1927)). An inherent feature of the estate of joint tenancy is the right of survivorship, which is the right of the last survivor to take the whole estate. *Id.* Severance of a joint tenancy is accomplished when one tenant voluntarily or involuntarily destroys one of the four unities (interest, title, time, or possession) that are fundamental both to creation and perpetuation of the joint tenancy. *In re Estate of Martinek*, 140 Ill. App. 3d 621, 629 (1986). Any act that destroys any of those unities changes the estate into a tenancy in common, which extinguishes the right of survivorship. *Id.*

¶ 39    In this case, the grantee clause of the October 15, 2014, deed for the Lawndale Property stated as follows:

> "The GRANTOR *** for valuable consideration of ten dollars ($10.00), and other good and valuable consideration, cash in hand paid, the receipt and sufficiency of which is hereby acknowledged, does hereby convey and warrant unto M. David Aryeh and Shoshanna Aryeh Husband and Wife, as tenant by the entireties, and not joint tenants or tenants in common, hereinafter 'Grantees', the following real estate, together with all improvements located thereon, lying in the County of Cook, State of Illinois, to-wit: ***."

¶ 40    Based on a reading of the plain language of the Lawndale Property deed, it is clear that the parties intended to create a tenancy by the entirety for David and Shoshanna. It is undisputed that when the deed for the Lawndale Property was executed and recorded, the plain language evidenced an intent to create an interest in the property as tenants by the entirety, which included a right of survivorship. It is also undisputed that David and Shoshanna owned the Monticello Property as tenants by the entirety and resided in said property from a time prior to obtaining ownership of the Lawndale Property until the time of David's death. Pursuant to the Act, David and Shoshanna could only hold title to a single homestead property as tenants by the entirety. Thus, ownership in the Monticello property as tenants by the entirety survives, while ownership in the Lawndale property as tenants by the entirety fails. Hence, we must now determine the effect of an unsuccessful conveyance to grantees as tenants by the entirety: specifically, whether the estate vests as a joint tenancy or tenancy in common. That determination requires us to construe relevant portions of the Act.

¶ 41                            3. Statutory Construction

¶ 42    To resolve the issue raised in this case, we must construe section 1c to determine when a joint tenancy exists. See 765 ILCS 1005/1c (West 2018). Additionally, we must determine the legal effect of the undisputed facts of this case, thereby presenting a question of mixed law and fact. A mixed question of law and fact is one involving an examination of the legal effect of a given set of facts. *Anderson v. First American Group of Cos.*, 353 Ill. App. 3d 403, 407 (2004). In a mixed question of law and fact, the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the rule of law as applied to the established facts is or is not violated. *Id.*

¶ 43    Here, the question as to whether David and Shoshanna's unsuccessful attempt to establish title to the Lawndale Property as a tenancy by the entirety defaults to a joint tenancy or tenancy in common presents a mixed question of law and fact. Our analysis is partly factual because we must consider how the facts fall within the requirements of the Act. However, we also face a legal question regarding interpretation of certain provisions of the Act.

¶ 44    Mixed questions of law and fact are subject to the clearly erroneous standard, which gives less deference to the lower court's decision. *Carpetland U.S.A., Inc. v. Illinois Department of Employment Security*, 201 Ill. 2d 351, 369 (2002). We will reverse only if, after review of the entire record, we are "left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Id.*

¶ 45                              a. Rules of Statutory Construction

¶ 46    When reviewing a statute, our primary goal is to determine and effectuate the legislature's intent, best indicated by giving the statutory language its plain and ordinary meaning. *Cassidy v. China Vitamins, LLC*, 2018 IL 122873, ¶ 17. The statutory language, given its plain and ordinary meaning, is generally the most reliable indicator of the legislative intent, but a literal reading must fail if it yields absurd, inconvenient, or unjust results. *Id.* Courts are not at liberty to depart from the plain language and meaning of a statute by inferring exceptions, limitations, or conditions that the legislature did not express. *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 21.

¶ 47    One of the fundamental principles of statutory construction is to view all provisions of an enactment as a whole. *Brucker v. Mercola*, 227 Ill. 2d 502, 514 (2007). Accordingly, words and phrases must be interpreted in light of other relevant provisions of the statute and not construed in isolation. *Id.* Additionally, we interpret statutes as a whole, rejecting an interpretation that exalts one provision of a statutory scheme over another. *Van Milligen v. Department of Employment Security*, 373 Ill. App. 3d 532, 538-39 (2007).

¶ 48                              b. Statutory Framework

¶ 49    We begin by outlining the relevant statutory provisions to our discussion. They are found both in the Act and in the Code and are set forth below.

¶ 50    Section 1 of the Act defines joint tenancy and explains the presumption of tenancy in common and survivorship rights. That section provides, in pertinent part:

> "No estate in joint tenancy in any lands *** shall be held or claimed under any grant, legacy or conveyance whatsoever heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass not in tenancy in common but in joint tenancy; and every such estate other than to executors and trustees (unless otherwise expressly declared as aforesaid, or unless, as to a devise or conveyance of homestead property, expressly declared to pass to a husband and wife as tenants by the entirety in the manner provided by Section 1c), shall be deemed to be in tenancy in common and all conveyances *** wherein the premises therein mentioned were or shall be expressly declared to pass not in tenancy in common but in joint tenancy, are hereby declared to have created an estate in joint tenancy with the accompanying right of survivorship ***." 765 ILCS 1005/1 (West 2018).

¶ 51    Section 1c of the Act governs devises, conveyances, assignments, or other transfers of property made to tenants by the entirety. That section provides, in pertinent part:

> "Whenever a devise, conveyance, assignment, or other transfer of property *** maintained or intended for maintenance as a homestead by both husband and wife together *** and the instrument of devise, conveyance, assignment, or transfer expressly declares that the devise or conveyance is made to tenants by the entirety, *** the estate created shall be deemed to be in tenancy by the entirety. *** Subject to the provisions of paragraph (d) of Section 2 and unless otherwise assented to in writing by both tenants by the entirety, the estate in tenancy by the entirety so created shall exist only if, and as long as, the tenants are and remain married to each other, and upon the death of either such tenant the survivor shall retain the entire estate; provided that, upon a judgment of dissolution of marriage or of declaration of invalidity of marriage, the estate shall, by operation of law, become a tenancy in common until and unless the court directs otherwise; provided further that the estate shall, by operation of law, become a joint tenancy upon the creation and maintenance by both spouses together of other property as a homestead. A devise, conveyance, assignment, or other transfer to 2 grantees who are not in fact husband and wife that purports to create an estate by the entirety shall be construed as having created an estate in joint tenancy." *Id.* § 1c.

¶ 52    Section 12-112 of the Code governs the enforcement of judgments. That section provides, in pertinent part:

> "Any real property, any beneficial interest in a land trust, or any interest in real property *** held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or after October 1, 1990 against only one of the tenants, except if the property was transferred into tenancy by the entirety with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they become due." 735 ILCS 5/12-112 (West 2018).

¶ 53                4. Effect of a Failed Tenancy by the Entirety Conveyance

¶ 54    Turning our attention to the situation presented in this case, we note that neither party cites, nor have we found, any case that determines the effect of a failed tenancy by the entirety conveyance pursuant to section 1c of the Act. Thus, we are presented with an issue of first impression. Here, PFG contends that under section 1c, such ownership reverts to a tenancy in common while the Estate conversely asserts that section 1c provides that such ownership reverts to a joint tenancy. See 765 ILCS 1005/1c (West 2018).

¶ 55    We find it instructive to review past decisions of our supreme court that have determined the effect of an attempted joint tenancy conveyance that failed to meet all the requirements necessary to be effective.[2] As discussed earlier, tenancy by the entirety is a form of joint tenancy expressly reserved for married couples, pursuant to the statute. In 1890, our supreme court in *Mittel* found that a deed properly established a joint tenancy although the deed failed to expressly state that the conveyance was a joint tenancy. *Mittel*, 133 Ill. at 71. In that case, the deed conveyed the property to a husband and wife and " 'the survivor of them, in his or her own right.' " *Id.* at 67. In construing the deed, the court determined that the conveyance was

---

[2]Although tenancy by the entirety had not been created when these cases were decided, we find the assessment of joint tenancy is helpful for purposes of our analysis.

intended to provide for right of survivorship, despite failing to expressly specify joint tenancy. *Id.* at 71. In making that determination, the court looked to the intent of the parties. *Id.* The court then noted that the spouses initially owned the property as tenants in common prior to the second conveyance, so it was unnecessary to convey it to a third party to reconvey it to them with right of survivorship. *Id.* The court concluded that there was no way to hold that the parties intended tenancy in common without rejecting the right of survivorship clause in the deed, and there was no rule of construction under which that could be done. *Id.* The court held that the intent of the parties, as manifested by the language employed in the deed, should be carried into effect and noted that the conveyance violated no common law rule or statute. *Id.*

¶ 56        In *Porter*, a case decided in 1942, our supreme court found that the husband's attempt to convey property to himself and his spouse as joint tenants failed. *Porter*, 381 Ill. at 324-25. The law at the time did not allow a grantor to convey property to himself, which therefore made the conveyance improper as a matter of law because the four unities of creating a joint tenancy were incomplete, despite the intention of the parties. *Id.* at 329. However, since that time, we note that the law changed to allow a grantor to convey property to himself without the use of a straw buyer. See 765 ILCS 1005/1b (West 2018).

¶ 57        In *Tindall*, decided in 1946, a deed conveyed property to two parties as tenants in common on May 31, 1939. *Tindall*, 392 Ill. at 504. On the same date, the parties executed a contract that created a life estate in one of the parties and further stated that the agreement should not affect the joint tenancy of the real estate. *Id.* On June 4, 1941, after discovering the mistake on the deed, one of the parties and her husband conveyed the property to a third party who subsequently reconveyed it back to the parties as joint tenants. *Id.* at 504-05. The court concluded that the contract and the deeds must be construed together, and it was clear that the parties intended both a life estate and a joint tenancy. *Id.* at 510. The court found that the parties' intention was clear and did not violate any rule of law or public policy and should be enforced. *Id.* at 510-11.

¶ 58        Here, as previously noted, the deed to the Lawndale Property, which conveyed ownership to David and Shoshanna from a third party, expressly declared that ownership was conveyed to them, husband and wife, as tenants by the entirety. Also as previously noted, a tenancy by the entirety, as a form of joint tenancy, creates a right of survivorship. We find that such language in the deed evidenced the intent of the parties to create an estate with right of survivorship. We further note that, contrary to PFC's assertion on appeal, the statement that the Lawndale Property was "not homestead property" in the warranty deed was included as part of the Grantor's release and waiver of all rights under and by virtue of the homestead laws of the State of Illinois. There is no indication on the face of the instrument that such statement applied to or was intended to apply to David and Shoshanna's ownership of the property. However, we also find that the parties' intention to create a tenancy by the entirety was not fully realized as they already owned the Monticello Property as tenants by the entirety and could only own one homestead property as tenants by the entirety at a time.

¶ 59        Based on our review of sections 1 and 1c of the Act (765 ILCS 1005/1, 1c (West 2018)), as well as our supreme court cases that construed deeds purporting to establish joint tenancy, we disagree with PFG's contention that the current rule of law regarding deed construction requires a determination that the Lawndale Property deed created a tenancy in common. Instead, we find that the unsuccessful creation of a tenancy by the entirety in a deed to a married couple simply becomes a joint tenancy.

¶ 60    This conclusion is supported by three provisions contained in section 1c: (1) when spouses get divorced or have their marriage invalidated, their ownership estate becomes a tenancy in common, (2) when spouses create and maintain other property as a homestead their ownership estate in the original property becomes a joint tenancy, and (3) a conveyance made to grantees who are not husband and wife that purported to create a tenancy by the entirety is construed as having created a joint tenancy. *Id.* § 1c. Contrary to PFG's assertion that an unrealized intention to create a tenancy by the entirety reverts to a tenancy in common, the only such reversion specifically contained in that section occurs upon dissolution or invalidation of parties' marriage, as noted herein. This conclusion is further supported by the general rule concerning the legal effect of a divorce decree upon property rights, namely that divorce terminates those property rights and interests of the divorced persons that are not actually vested in the property of each other that are dependent upon the marriage relationship unless preserved by statute. *In re Estate of Woodshank*, 27 Ill. App. 3d 444, 447 (1975) (citing *Bulger v. Bulger*, 291 Ill. App. 233, 235-36 (1937)); see also *Seuss v. Schukat*, 358 Ill. 27, 35-36 (1934).

¶ 61    There has been no change to the rules of deed construction since our supreme court decided the *Mittel* case in 1890, and we give effect to the parties intent where it is not contradicted by law or public policy. David and Shoshanna intended to hold the property as tenants by the entirety, which included a right of survivorship. Shoshanna indicated to the circuit court that they intended to renovate and move into the Lawndale Property, but David died before that occurred. Because they already owned another homestead property as tenants by the entirety (the Monticello Property), under section 1c, ownership of the Lawndale Property became a joint tenancy. We find that our conclusion that David and Shoshanna owned the Lawndale Property as joint tenants with a right of survivorship is not contrary to law or public policy, despite PFG's unsupported arguments to the contrary.

¶ 62    Accordingly, we conclude that the circuit court's finding that the Lawndale Property was held in joint tenancy was not clearly erroneous. We are not left with the definite and firm conviction that a mistake has been committed. As such, the trial court's denial of PFG's request for a declaratory judgment was not an abuse of discretion.

¶ 63                                                    CONCLUSION

¶ 64    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 65    Affirmed.