2022 IL App (1st) 211110-U

No. 1-21-1110

Filed June 9, 2022

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JEFFREY A. FEENEY, | ) | Appeal from the Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 20 L 13631 |
| DEAN M. TORIUMI, M.D., and | ) | |
| 900 NORTH MICHIGAN SURGICAL | ) | |
| CENTER, LLC, | ) | Honorable |
| | ) | John G. Ehrlich |
| Defendants-Appellees. | ) | Judge, presiding |

_____

JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We lack jurisdiction to review the circuit court's dismissal of medical battery counts while medical negligence counts based on the same operative facts remain pending before the trial court.

¶ 2    Jeffrey Feeney appeals from the circuit court's dismissal, with prejudice, of two counts of medical battery asserted in his amended complaint. For the reasons discussed, we find that, despite the circuit court's finding pursuant to Supreme Court Rule 304(a) (eff. Mar. 8, 2016) (Rule 304(a))

that there was no just reason for delay of appeal, the dismissal of the medical battery counts was not a final appealable order. Therefore, we lack jurisdiction and dismiss the appeal.[1]

¶ 3                                                    I. BACKGROUND

¶ 4        In December 2020, Feeney filed a complaint naming three defendants, Dean Toriumi, M.D. (Dr. Toriumi), Toriumi Facial Plastics, PLLC, and 900 North Michigan Surgical Center, LLC, (the Surgical Center) in relation to alleged injuries Feeney sustained from a surgical procedure Dr. Toriumi performed on January 16, 2019. According to the complaint, Dr. Toriumi, a plastic surgeon, was to reconstruct the affected portion of Feeney's nose following the removal of a lesion, which would be performed by another surgeon earlier the same day. Feeney alleged, however, that instead of solely performing the reconstruction, Dr. Toriumi "fixed" his deviated septum and "crooked" nose—additional procedures to which Feeney did not consent. Based on those allegations, Feeney asserted one count of medical battery against all three defendants and a second count of medical battery solely against the Surgical Center on a theory of vicarious liability.

¶ 5        Dr. Toriumi and the Surgical Center filed separate motions to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)). Both motions argued that Feeney's claims required an affidavit and health professional's report pursuant to section 2-622 of the Code of Civil Procedure (735 ILCS 5/2-622 (West 2020)). Section 2-622 requires that, in any action in which a plaintiff seeks damages for injuries by reason of medical malpractice, the plaintiff's attorney must file an affidavit attesting that they consulted with a knowledgeable and qualified health professional who, after reviewing relevant medical records, concludes the action has merit. *Id*. § 2-622(a)(1) (West 2020). A copy of the health professional's written report setting forth the reasons for their conclusion must be attached to the affidavit. *Id*. Since Feeney's

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

complaint lacked such an affidavit and report, the defendants contended the complaint was subject to dismissal. The circuit court agreed and dismissed Feeney's complaint without prejudice. The court also granted Feeney leave to file an amended complaint with the items required under section 2-622.

¶ 6 Feeney filed a motion to reconsider, arguing that that his medical battery claims differed from claims of medical malpractice and, therefore, did not require the section 2-622 affidavit and report. Feeney emphasized that his claims were premised on the lack of consent to the procedures performed. The circuit court denied the motion to reconsider, observing that the complaint's allegations asserted that the scope of consent was exceeded, not a total lack of consent. For that reason, the court found the allegations amounted to a claim of medical negligence, which required the affidavit and report contemplated under section 2-622.

¶ 7 On June 29, 2021, Feeney filed an amended complaint along with an accompanying section 2-622 affidavit and health professional's report. Like the original complaint, the amended complaint asserted two counts of medical battery: one count against all three defendants and one count against the Surgical Center only. In a footnote to the medical battery counts, Feeney noted that the same counts set forth in his original complaint had been dismissed. The footnote cited the "*Foxcroft* rule," ostensibly to signify that Feeney was repleading the previously dismissed counts so as not to abandon them and to preserve appellate review of the dismissal of those claims. See *Bonhomme v. James*, 2012 IL 112393, ¶ 17 (discussing the rule derived from *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150 (1983)). The amended complaint also asserted counts of medical malpractice: one count against each defendant.

¶ 8 The following day, Feeney filed a motion requesting that the court find, pursuant to Rule 304(a), that no just reason to delay appeal exists. The motion asserted that the medical battery

counts, which repeated the same counts previously dismissed without prejudice, were distinct from the medical malpractice counts and that Feeney should have an opportunity to appeal the dismissal of the medical battery counts. The court denied the motion, reasoning that the requested finding was not appropriate since the medical battery claims were not dismissed with prejudice.

¶ 9      Dr. Toriumi and the Surgical Center filed their respective answers to the amended complaint. Feeney voluntarily dismissed his claims against Toriumi Facial Plastics, PLLC. For the medical battery counts, Dr. Toriumi and the Surgical Center both stated that Feeney had replead the counts "only for purposes of preserving the record for appeal." Neither defendant substantively answered the medical battery counts.

¶ 10      Feeney moved for an order of default against Dr. Toriumi and the Surgical Center. He argued that he was entitled to judgment by default since those defendants' answers did not respond to the medical battery counts. On August 17, 2021, the circuit court denied the motion for default order. In the same written order, the court dismissed with prejudice the medical battery counts in Feeney's amended complaint.[2] Feeney then renewed his request for a finding under Rule 304(a). On August 30, 2021, over the defendants' objection, the court granted Feeney's request and entered a written finding that there exists no reason to delay an appeal from the August 17 dismissal of the medical battery counts. Feeney filed a notice of appeal from the August 17 order dismissing the medical battery counts on September 2, 2021.

¶ 11      Dr. Toriumi and the Surgical Center filed a joint motion to dismiss the appeal. The defendants argued alternatively that (1) the circuit court's Rule 304(a) finding was invalid since the order appealed did not finally resolve a distinct claim, and (2) the appeal is moot since Feeney

---

[2]The court's dismissal with prejudice of the medical battery counts in the amended complaint appears to have been *sua sponte*, as nothing in the record before us shows that any party expressly requested such a dismissal. The court's reasoning for the dismissal is likewise unclear from the record before us.

filed a section 2-622 affidavit and report with his amended complaint, thus curing the defect that was the basis for the original dismissal of the medical battery counts. Either reason, the defendants asserted, prevents the appellate court from exercising jurisdiction. Feeney filed a response, arguing that the medical battery counts were distinct from the remaining medical malpractice counts and that the section 2-622 affidavit and report did not render the appeal moot. We entered an order stating that the motion would be taken with the case.

¶ 12                                        II. ANALYSIS

¶ 13          We consider our jurisdiction *de novo*. *In re Estate of Aryeh*, 2021 IL App (1st) 192418, ¶ 21. Rule 304(a) "authorizes appeals from final judgments that do not dispose of an entire proceeding 'if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both.' " *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23, (quoting Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)). But "the inclusion of Rule 304(a) language cannot render final an otherwise nonfinal order." *Lakeshore Centre Holdings, LLC v. LHC Loan, LLC*, 2019 IL App (1st) 180576, ¶ 16. "[I]f a claim based on the same operative facts remains pending when the court issues Rule 304(a) language, then the court has not resolved even a part of the dispute, and the order is nonfinal." *Illinois State Bar Ass'n Mutual Ins. Co. v. Canulli*, 2019 IL App (1st) 190141, ¶ 17. "An order or judgment is considered to be final and appealable for purposes of [Rule 304(a)] if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *Blumenthal*, 2016 IL 118781, ¶ 23. "[W]here one claim based on the same operative facts is stated differently in multiple counts, the dismissal of fewer than all counts is not a final judgment as to any of the party's claims as required by Rule 304(a)." *Id.* ¶ 27.

¶ 14      Here, Feeney's medical battery counts and his medical malpractice counts are based on the same alleged operative facts—that Dr. Toriumi performed procedures beyond the scope of Feeney's consent. Feeney has asserted different theories of recovery relating to the same claim, not separate claims. As the medical malpractice counts remain pending, the dismissal of the medical battery counts is not a final judgment. The dismissal order did not resolve the parties dispute or any separate part thereof. Therefore, we lack jurisdiction and must dismiss this appeal. *Davis v. Loftus*, 334 Ill. App. 3d 761, 771 (2002).

¶ 15                              III.  CONCLUSION

¶ 16      Based on the foregoing, we dismiss this appeal for lack of jurisdiction.

¶ 17      Appeal dismissed.